UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CONOR ACQUISITIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 14-4023 |
| | ) |
| vs. | ) COMPLAINT FOR |
| | ) DECLARATORY JUDGMENT |
| CHOA HOPE, LLC, D/B/A CHOA HOPE | ) |
| CALIFORNIA, LLC., | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiff, CONOR ACQUISITIONS, LLC ("Conor"), by and through the undersigned counsel, and hereby states as follows in support of its Complaint for Declaratory Judgment:

**Jurisdiction and Parties**

1. This is an action for declaratory relief brought under both Federal Rule of Civil Procedure 57 and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1367 because there is complete diversity between the parties and the members of each party; and the amount in controversy exceeds the sum of $75,000.00, exclusive of all interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1392(a)(1)-(3).

4. Plaintiff Conor is, and at all times material to this Complaint has been, a limited liability company formed in the State of Nevada, with its principal place of business in Fort Meyers, Florida.

5. Upon information and belief, Defendant Choa Hope, LLC ("Choa") is a California limited liability company formed September 17, 2013, and doing business in Iowa as Choa Hope California, LLC.

6. Choa's principle place of business is located at 707 4th Street in Sioux City, Iowa.

### Underlying Dispute

7. Effective October 10, 2013, Plaintiff entered into a Hotel Purchase Agreement ("HPA") with an entity named "Choa Hope, LLC."

8. The individual acting on behalf of Choa was Kyurios Cho, whose address for notices was given as 30794 Prairie Sun Way, Murrieta, California 92563.

9. The subject property in the HPA included a hotel located at 707 4th Street, Sioux City, Iowa.

10. Choa represented and warranted that it was the fee owner, free of all liens and encumbrances, of the Property (as defined in the HPA).

11. However, the real property used by the hotel was burdened by an easement in favor of the City of Sioux City, Iowa (the "City"), and the City owned a pedestrian walkway that connected the hotel with the Sioux City Convention Center.

12. Accordingly, Choa committed to deliver, in addition to title to the real property owned by Choa, "a fee simple interest in all land and improvements in any way associated with, attached to or located under the Hotel," whether owned by Choa or the City.

13. Conor made an Earnest Money Deposit in the total amount of $500,000.00.

14. The real property was also subject to a number of existing liens, and the main lienholder, First Bank and Trust Company of Illinois, had filed suit to foreclose its lien (the "Bank Litigation").

15. The trial court in that litigation had appointed a receiver over the hotel.

16 Choa represented to Conor that both the execution and delivery of the HPA and the closing of the transactions contemplated in the HPA required approval of both the receiver and the trial court in the Bank Litigation.

17. Choa committed to obtain approval from the receiver and the trial court in the Bank Litigation.

18. The HPA provided that Conor was obligated to diligently pursue the settlement of any property issues related to property owned by the City and concerning the HPA.

19. Conor, with the knowledge and encouragement of Choa, entered into negotiations with the City concerning the easement and pedestrian walkway that were a necessary part of Conor's offer to purchase the hotel.

20. The City, for its part, conditioned transfer of the easement and walkway upon Conor agreeing to an economic development package which would require Conor to invest substantial additional dollars into the hotel property to obtain a high end brand for the hotel, and to further commit to keep the hotel branded in that manner for ten years.

21. Despite diligent efforts to reach an accommodation with the City, and the expenditure of thousands of dollars by Conor, Conor and the City were unable to reach agreement for the City to convey its property rights in the land and improvements associated with the hotel.

22. The HPA gives Conor the option to terminate the HPA and receive the return of all of the Earnest Money Deposit if (i) Choa does not provide Conor fee simple interest in all land and improvements in any way associated with, attached to or located under the hotel, whether owned by Choa or the City; (ii) if the Receiver or the trial court fail to approve the HPA

and the underlying transaction, including termination of the Management Agreement between the Bank and the Receiver, prior to Closing; and (iii) if any of Choa's representations or warranties are found to be materially inaccurate.

23. Choa acknowledges the date for Closing has passed, as Choa's counsel sent Conor's counsel an e-mail dated January 28, 2014, stating, in pertinent part: "The deadline to close this sale was on or before January 15, 2014. That time has come and passed."

24. Choa failed to comply with its obligation under the HPA at or prior to Closing, including but not limited to (i) failing to provide fee simple interest in all land and improvements in any way associated with, attached to or located under the hotel, whether owned by Choa or the City, (ii) failing to obtain Receiver and trial court approval, (iii) failing to terminate the management agreement between the Bank and the Receiver, (iv) and failing to tender a valid warranty deed to the real property.

25. The Bank Litigation trial court entered Orders Approving Final Receiver Report, Terminating Receivership, and Directing Distribution of Receivership Funds on January 3, 2014 and January 7, 2014 (Nunc Pro Tunc), which were conditional subject to "the sale of the Property [closing] on January 15, 2014. If the closing of the sale [did] not occur on January 15, 2014,…the receivership [would] not terminate."

26. It is unclear whether the Receiver and/or the trial court approved the sale, upon the information currently available to Conor.

27. Further, on information and belief, Choa's representations in Sections 4.1 and 4.4 of the HPA were materially inaccurate.

28. Accordingly, Conor is entitled to return of the Earnest Money Deposit, together with interest.

DECLARATORY JUDGMENT ACT COMPLAINT                                                                 PAGE 4
Case 5:14-cv-04023-MWB   Document 1   Filed 03/18/14   Page 4 of 7

29. On or about January 20, 2014, Conor notified Choa in writing that the HPA was terminated, and demanded that Choa authorize the return of the Earnest Money Deposit from the escrow agent.

30. Choa refused and made a demand in turn for it to receive the Earnest Money Deposit.

**Request for Declaratory Relief**

31. Plaintiff restates paragraph 1-30 as if fully set forth herein.

32. There is a current controversy between Choa and Conor concerning the parties' rights and obligations under the HPA.

33. Conor has demanded return of the Earnest Money Deposit both orally and in writing.

34. Choa has also demanded orally and in writing that Conor acquiesce and agree to the delivery of the Earnest Money Deposit to Choa from the Escrow Agent.

35. The HPA clearly and expressly provides that Conor is entitled to return of its Earnest and Deposit.

36. Conor seeks a declaration that the HPA was properly terminated pursuant to Section 10.3(a) of HPA for the following reasons:

    a. Choa failed to perform it obligations prior to the closing date required;

    b. Choa made materially inaccurate representations and/or warranties regarding title to the property pursuant to Section 4.1 and 4.4.

    c. Choa was unable to deliver a fee simple interest in all land and improvements in any way associated with, attached to or located under the Hotel, whether owned by seller or Sioux City, IA pursuant to Section 8.3(c) of the HPA.

37. Conor also seeks a declaration that the Closing Date was January 15, 2014.

38. Conor also seeks a declaration that the Receiver failed to approve the HPA and the underlying transaction prior to the Closing Date, and that the trial court in the Bank Litigation failed to approve the HPA and the underlying transaction prior to the Closing Date.

39. Conor also seeks a declaration that the Management Agreement dated March 11, 2013 between Kinseth Hotel Corporation and First Bank and Trust Company of Illinois was not terminated effective upon the Closing Date.

40. Conor also seeks a declaration that Choa did not provide a fee simple interest in all land and improvements in any way associated with, attached to or located under the hotel, whether owned by Choa or the City, and that Conor is entitled to a full return of the Earnest Money Deposit, together with any interest earned.

41. Conor further seeks a declaration by this Court that it is entitled to a return of the Earnest Money Deposit pursuant to Section 8.3 (c) and Section 10.3(a) of the HPA.

42. A Declaration Judgment is needed to resolve an existing dispute which creates doubt between the parties as to their legal rights, responsibilities, and obligations under the HPA.

WHEREFORE, CONOR ACQUISITIONS, LLC, respectfully requests the Court enter judgment in its favor by making the following declarations pursuant to 28 U.S.C. §§ 2201-2202:

    a. This Court has jurisdiction over the parties in this matter;

    b. Choa Hope, LLC has failed to perform its obligations under the HPA.

    c. Choa's representations under Section 4.1 and 4.4 of the HPA were materially inaccurate;

    d. Conor is entitled to a full refund of the Earnest Money Deposit;

    e. All costs and interest as allowed by the HPA and by law; and

    f. All other relief the Court deems appropriate.

DATED this 18th day of March, 2014.

DECLARATORY JUDGMENT ACT COMPLAINT     PAGE 6
Case 5:14-cv-04023-MWB    Document 1    Filed 03/18/14    Page 6 of 7

HEIDMAN LAW FIRM, L.L.P.

BY:   /s/ Jeff W. Wright
     JEFF W. WRIGHT, AT0008716
     1128 Historic 4th Street
     P.O. Box 3086
     Sioux City, Iowa 51102
     Telephone: (712) 255-8838
     Facsimile: (712) 258-6714
     E-Mail: Jeff.Wright@heidmanlaw.com
     ATTORNEYS FOR PLAINTIFF